HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND, et al., <br><br> Plaintiff, <br><br> v. <br><br> SEATTLE STRUCTURES, LLC; JESSE HARRISON and JANE DOE HARRISON; DAVID BAILEY and JANE DOE BAILEY, <br><br> Defendant. | CASE NO. 3:11-cv-5265 RBL <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT <br><br> [Dkt. # 43] |

THIS MATTER is before the Court on Plaintiffs Employee Painters' Trust Health & Welfare Fund, Western Washington Painters Defined Contribution Pension Trust, Western Washington Apprenticeship and Training Trust, Western Washington Painters Labor Management Cooperation Trust, and Painters and Allied Trades International Union and Industry Pension Fund's Motion for Summary Judgment against Defendants David and Jane Doe Bailey, and Jesse and Jane Doe Harrison [Dkt. #43]. In contracts with the Trust Funds and the International Union of Painters and Allied Trades District Council Number 5, Defendant Seattle

Structures, LLC agreed to contribute to the Trust Funds each month. The case arises from Seattle Structures' failure to do so.

The Trust Funds seek summary judgment arguing that Defendants Harrison and Bailey, Seattle Structures' owners and officers, are personally liable because the contracts with the union and Trust Funds provided that corporate officers are individually liable for the corporation's default. Because Harrison and Bailey were not parties to the contracts with the Trust Funds and union, Plaintiffs' Motion for Summary Judgment is DENIED.

## I. FACTUAL SUMMARY

Harrison and Bailey were owners and officers of Seattle Structures, a Washington corporation with its principal place of business in Gig Harbor.

On August 21, 2007, Harrison signed, on Seattle Structures' behalf, a Registration and Counterpart Agreement with the union. Under that agreement, Seattle Structures agreed to the labor agreement terms in place between the union and the Northwest Wall and Ceiling Contractors Association. Seattle Structures also agreed to make certain fringe benefit contributions to the Trust Funds and abide by the trust agreements' terms and conditions.

The labor agreement was the Western Washington Area Agreement for the Drywall Industry, effective July 1, 2007, through June 30, 2010. It required Seattle Structures to contribute to the Trust Funds. Seattle Structures agreed to pay liquidated damages, attorney fees, and collection costs upon delinquency. The labor agreement also incorporated the trust agreements' terms and conditions.

The trust agreements incorporated into the labor agreement were the Employee Painters' Trust Amended and Restated Trust Agreement, the Western Washington Painters Defined Contribution Pension Plan, the District Council Number 5 Apprenticeship and Training Trust

1  Agreement, the Restated Agreement and Declaration of Trust Establishing the International

2  Painters and Allied Trades Industry Pension Fund, and the Western Washington Painters Labor

3  Management Cooperation Trust Fund.

4        Each trust agreement required that Seattle Structures pay liquidated damages on all

5  delinquencies, and the trust fund's attorney fees and collection costs.  The trust agreements also

6  provided that an employer's corporate officers would be individually liable for the employer's

7  delinquency on the trust fund contributions:

8        In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of
9  covered employees, the responsible individuals in a corporation which a participating Employer shall be individually liable for payment of contributions
10  and other charges owing under this Article III.  Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the
11  Trust fails to make such contributions, the President, Treasurer, and any other corporate officer who is responsible for payment of contributions by the
12  corporation to the Trust Fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and other
13  applicable Federal law, 29 U.S.C. Section 1132(g).

14  Decl. of Jeffrey G. Maxwell, Ex. 5 at 24–25 [Dkt. #44].

15        On May 25, 2010, by executing an Installment Payment Arrangement, Seattle Structures

16  acknowledged its delinquency in paying contributions, liquidated damages, and other charges to

17  the Trust Funds, totaling $47,699.62, from December 2009, through April 2010.  Bailey signed

18  the Arrangement on Seattle Structures' behalf.  On September 27, 2010, Seattle Structures

19  executed a Revised Installment Payment Arrangement acknowledging it was delinquent and

20  owed $60,823.39, from December 2009, through May 2010.  Bailey signed the Revised

21  Arrangement.

22        Seattle Structures defaulted on December 15, 2010.  On April 7, 2011, the Trust Funds

23  sued Seattle Structures, Bailey, and Harrison, alleging liability for fringe benefit contributions

24

ORDER DENYING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT - 3

and ancillary charges owing under the labor and trust agreements, to which Seattle Structures was a party. The Trust Funds also alleged violations of ERISA (29 U.S.C. § 1145). The Trust Funds served Bailey and Harrison with requests for admission, to which Bailey and Harrison did not respond. On January 4, 2012, the Trust Funds sought summary judgment against Seattle Structures, which was granted. The Trust Funds now seek summary judgment against Bailey and Harrison, seeking $122,080.26, plus attorney fees and collection costs. Bailey and Harrison did not file a response.

## II. DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1221.

The Trust Funds argue that Seattle Structures agreed to abide by the trust agreements' terms and conditions in the Counterpart Agreement that Harrison signed. They argue that the

trust agreements unambiguously provide that an employer's corporate officers are individually liable when the employer fails to contribute to the trust funds, and that, because Harrison and Bailey are corporate officers of Seattle Structures, they are individually liable. The Trust Funds claim that Harrison's signature on the Counterpart Agreement proves his knowledge of the trust agreements' terms and conditions and Bailey's signature on the installment payment arrangements proves his knowledge of Seattle Structures' obligations under the trust agreements.

Although the trust agreements' corporate officer provision is unambiguous, Harrison and Bailey did not sign those agreements. The documents that Harrison and Bailey did sign did not explicitly say that they personally guarantee that Seattle Structures will contribute to the Trust Funds. Accordingly, a genuine issue of material fact exists regarding whether Harrison and Bailey ever personally guaranteed that Seattle Structures would contribute to the Trust Funds.

The Trust Funds also argue that Harrison and Bailey admitted liability by failing to respond to the requests for admission. However, even if the Court considers the requests admitted, they do not show whether Harrison or Bailey are personally liable for Seattle Structures' delinquency because the requests pertain to the Counterpart Agreement and the installment payment arrangements. Although Harrison and Bailey did not respond to the motion, the Trust Funds have not met their burden because the evidence presented does not show, as a matter of law, that Harrison and Bailey are personally liable for Seattle Structures' failure to pay the Trust Funds. Accordingly, Plaintiffs' Motion for Summary Judgment is DENIED.

Dated this 29th day of July, 2012.

Ronald B. Leighton
United States District Judge