HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND, et al,

Plaintiffs,

v.

SEATTLE STRUCTURES, LLC; JESSE HARRISON and JANE DOE HARRISON; DAVID BAILEY and JANE DOE BAILEY,

Defendants.

CASE NO. 3:11-CV-05265-RBL

ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion for Summary Judgment [Dkt. #51].  Plaintiffs argue that Defendants Jesse Harrison, Jane Doe Harrison, David Bailey, and Jane Doe Bailey (collectively "Harrison and Bailey") are personally liable for delinquent payment obligations based on their collective bargaining agreement (CBA).  They argue that the CBA incorporates trust agreements, which in turn impose personal liability on the corporate officers.  The Court denied the original order because Defendants signed the CBA, but not the incorporated trust agreements that created the liability.  After reviewing the motions in support of reconsideration, it is clear that Defendants' acquiescence to the CBA included acceptance of the terms in the

Trust Agreements. Plaintiffs' Motion for Reconsideration is GRANTED, and as a result, Plaintiffs' Motion for Summary Judgment is also GRANTED.

## I. BACKGROUND

Harrison and Bailey were owners and officers of Seattle Structures, LLC, a Washington corporation with its principal place of business in Gig Harbor. On August 21, 2007, Harrison signed, on Seattle Structures' behalf, a Registration and Counterpart Agreement with the union. Under that agreement, Seattle Structures agreed to the labor agreement terms in place between the union and the Northwest Wall and Ceiling Contractors Association. Seattle Structures also agreed to make certain fringe benefit contributions to the Trust Funds and to abide by the trust agreements' terms and conditions.[1]

Each trust agreement required that Seattle Structures pay liquidated damages on all delinquencies, and the trust fund's attorney fees and collection costs. The trust agreements also provided that an employer's corporate officers would be individually liable for the employer's delinquency on the trust fund contributions:

> In recognition that individuals have responsibilities in a corporation which is a participating Employer in a Trust, and that contributions are for the welfare of covered employees, the responsible individuals in a corporation which a participating Employer shall be individually liable for payment of contributions and other charges owing under this Article III. Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust Fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and other applicable Federal law, 29 U.S.C. Section 1132(g).

Decl. of Jeffrey G. Maxwell, Ex. 5 at 24-25 [Dkt. #44].

---

[1] The labor agreement also incorporated the trust agreements' terms and conditions, including the Employee Painters' Trust Amended and Restated Trust Agreement, the Western Washington Painters Defined Contribution Pension Plan, the District Council Number 5 Apprenticeship and Training Trust Agreement, the Restated Agreement and Declaration of Trust Establishing the International Painters and Allied Trades Industry Pension Fund, and the Western Washington Painters Labor Management Cooperation Trust Fund.

1  On May 25, 2010, by executing an Installment Payment Arrangement, Seattle Structures
2 acknowledged its delinquency in paying contributions, liquidated damages, and other charges to
3 the Trust Funds, totaling $47,699.62, from December 2009 through April 2010.  Bailey signed
4 the Arrangement on Seattle Structures' behalf.  On September 27, 2010, Seattle Structures
5 executed a Revised Installment Payment Arrangement acknowledging it was delinquent and
6 owed $60,823.39, from December 2009 through May 2010.  Bailey signed the Revised
7 Arrangement.

8  Seattle Structures defaulted on December 15, 2010.  On April 7, 2011, the Trust Funds
9 sued Seattle Structures, Bailey, and Harrison, alleging liability for fringe benefit contributions
10 and ancillary charges owing under the labor and trust agreements, to which Seattle Structures
11 was a party.  Summary judgment against Seattle Structures was granted.

12  The Court originally denied summary judgment against Bailey and Harrison, determining
13 that there was a genuine issue of material fact as to whether there was a personal guarantee
14 because they did not sign the trust agreements.

15  Plaintiffs now seek reconsideration of their motion for summary judgment against Bailey
16 and Harrison, which sought $122,080.26, plus attorney fees and collection costs.  Plaintiffs
17 reference Ninth Circuit opinions enforcing trust agreements incorporated by collective
18 bargaining agreements.  Bailey and Harrison did not file a response.

19  On September 17, 2012, the Court entered an Order requesting that the Defendants file a
20 short response to the motion to reconsider by September 27, 2012. [Dkt. # 56].  Defendants again
21 did not respond.

22 **II. DISCUSSION**

23  T he Court previously granted summary judgment against Seattle Structures.  The only
24 issue on this motion is whether Harrison and Bailey are personally liable for Seattle Structures'

delinquency.  The Court previously, and incorrectly, ruled there was a genuine issue of material fact regarding the personal guarantee.

As officers of Seattle Structures, Harrison and Bailey entered into the CBA.  Even though the CBA itself did not contain a personal guarantee clause, it did unambiguously incorporate the Trust Agreements, which include the personal liability provision.  The Ninth Circuit is clear that parties are bound by written agreements they sign, including written trust agreements incorporated into CBA's.  *Waggoner v. Dallaire*, 649 F.2d 1362, 1365-1366 (9th Cir. 1981).

### III.   CONCLUSION

In a similar case, the Ninth Circuit commented: "Personal liability in such circumstances may be harsh for the signatory, but nothing suggests it is contrary to federal labor policy." *Employee Painters' Trust v. J & B Finishes*, 77 F.3d 1188, 1192 (1996).  The Court agrees with both the harshness and the legality of the personal guarantees.

Because Harrison and Bailey are personally liable under the CBA and trust agreements as a matter of law, Plaintiffs' Motion for Reconsideration is **GRANTED** [Dkt. #51].  As a result, Plaintiffs' Motion for Summary Judgment Against the Individual Defendants is also **GRANTED** [Dkt. #43].  Defendants Harrison and Bailey are personally liable for the judgment against Seattle Structures, LLC.  Plaintiffs should file a proposed form of judgment as they indicated they would in their original summary judgment motion (Pl.'s M.S.J., Dkt. #43 at 19.)

IT IS SO ORDERED.

Dated this 2nd day of October, 2012.

Ronald B. Leighton
United States District Judge